IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **TOMMY SANDERS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 7:09-CV-46 (HL) |
| | : | |
| **DAVID FRAZIER, Warden,** | : | |
| | : | |
| Respondent. | : | |

_____

# ORDER

The Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered December 8, 2009 (Doc. 9), in the above-captioned case is before the Court. Petitioner has not filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). Magistrate Judge Faircloth recommends that Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 be dismissed as successive.

In 1995, Petitioner was convicted by a Colquitt County jury of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. He was subsequently sentenced to life imprisonment plus five years, to be served consecutively. The convictions and sentences were confirmed by the Georgia Court of Appeals in 2000.

On March 8, 2001, Petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging the conviction and sentence. No. 6:01-CV-16 (M.D. Ga.) Petitioner set forth the following grounds for relief: (1) denial of the right to confront witnesses and

compatibility
default

the right to testify; (2) insufficient evidence to support the armed robbery conviction; and (3) ineffective assistance of counsel.

Magistrate Judge Faircloth subsequently entered a recommendation that the petition be denied, as Petitioner's claims were procedurally defaulted and he failed to establish cause or prejudice to overcome his procedural default. On October 16, 2001, Judge W. Louis Sands entered an order adopting the recommendation and dismissing the habeas petition.

In the petition now before the Court, Petitioner attacks the same Colquitt County conviction and again raises ineffective assistance of counsel as the ground for relief. Respondent has moved to dismiss the petition, as Petitioner did not obtain authorization from the Eleventh Circuit to file a second or successive petition, as is required under 28 U.S.C. § 2244(b)[1]. Petitioner admits that he did not seek authorization to file the petition, but argues that he did not have to because the court did not reach the merits of his grounds for relief in the 2001 case. He also argues that because his grounds for relief were found to be procedurally defaulted in the 2001 case, the current petition cannot be characterized as a second federal petition.

Petitioner's argument is without merit. "[A] denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." Carter

---

[1] 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998); *see also* Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Thus, the petition now before the Court is a second or successive petition. Since Petitioner did not apply to the Eleventh Circuit for authorization under 28 U.S.C. § 2244(b), this Court lacks jurisdiction to entertain his petition. *See* Burton v. Stewart, 549 U.S. 147, 157, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007).

The Recommendation is accepted and made order of this Court. Respondent's Motion to Dismiss Successive Petition for Lack of Jurisdiction and/or Authorization (Doc. 6) is granted, and the petition is dismissed.

**SO ORDERED**, this the 12th day of January, 2010.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh